1  **MICHAEL A. CONGER (State Bar #147882)**
   **LAW OFFICES OF MICHAEL A. CONGER**
2  16236 San Dieguito Road, Suite 4-14
   P.O. Box 9374
3  Rancho Santa Fe, CA  92067
   Telephone:  (858) 759-0200
4  Facsimile:  (858) 759-1906

5  Attorney for Plaintiffs Deborah Suenishi, Peter Meredith,
   and those similarly situated

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH SUENISHI, and PETER MEREDITH, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LA MESA; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'18CV2730 CAB BGS**<br><br>COMPLAINT FOR OVERTIME WAGES<br>(29 U.S.C. § 207) |

   1.    Plaintiffs Deborah Suenishi, and Peter Meredith, on behalf of themselves and all other employees or former employees similarly situated, bring this action on behalf of themselves and other employees and former employees of the City of La Mesa to recover unpaid overtime compensation, liquidated damages, interest, attorney's fees and costs under the provisions of Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq., "FLSA").

                                I.

                            **PARTIES**

   2.    The Plaintiffs are employees or former employees of the City of La Mesa. The plaintiffs bring this action on their own behalf and, pursuant to 29 U.S.C. § 216(b), on behalf of all other employees and former employees similarly situated. The plaintiffs have consented in

                                1

writing to becoming such a party and have filed such written consents pursuant to 29 U.S.C. § 216(b).

3. Defendant City of La Mesa ("City") is the employer of the plaintiffs and those similarly situated.

4. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 to 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names.

5. The plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to plaintiff as herein alleged.  Plaintiffs will seek leave of court to amend this complaint to set forth the true names and capacities of such named defendants when their identities become known.

6. The plaintiffs are informed and believe and thereon allege that each defendant named in this action, including DOE defendants, at all relevant times, was the agent, ostensible agent, servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the other defendants, and was at all times acting within the course and scope of his, her, or its authority as agent, ostensible agent, servant, employee, representative, joint venturer, and/or co-conspirator, and with the same authorization, consent, permission or ratification of each of the other defendants.

7. Jurisdiction is proper because this case presents a federal question.

8. Venue is proper because the City of La Mesa is in this federal district.

II

COUNT ONE

(Against the City of La Mesa Under 29 U.S.C. § 216(b))

9. "Under the FLSA, an employer [such as the City] must pay its employees premium overtime compensation of one and one-half times the regular rate of payment of any hours worked in excess of forty in a seven-day work week. [Citation.]" (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 895, citing 29 U.S.C. § 207(a).)

2

1      10.    "The FLSA provides a private cause of action for employees to seek unpaid wages owed to them under the provisions of [29 U.S.C. section] 216(b)." (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 895.)

     11.    Each of the plaintiffs worked more than 40 hours in many seven-day work weeks. Plaintiff Deborah Suenishi worked more than 40 hours in 45 work weeks since November 29, 2015. Plaintiff Peter Meredith worked more than 40 hours in more than 50 work weeks since November 29, 2015. The plaintiffs who have consented to join this case have also worked more than 40 hours in many seven-day work weeks during the three years preceding the filing of this complaint.

     12.    During the work weeks that the plaintiffs worked overtime (i.e., more than 40 hours), the City failed to correctly pay overtime to the plaintiffs as required by the FLSA. Specifically, the City failed to pay at least four hours of overtime in weeks that the plaintiffs worked more than 44 hours.

     13.    The City's violation of the FLSA set forth herein was "willful" because, based on information and belief, the City took no affirmative action to assure compliance with the FLSA requirements. (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 906-07.)

WHEREFORE, Plaintiffs pray for the following:

1.    That Notice be given to present and former employees of the City informing them of their right to join -- without retaliation -- in that portion of this action brought pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b);

2.    That judgment be entered against the City in the amounts respectively due the plaintiffs and other employees and former employees of the City similarly situated for unpaid overtime compensation, liquidated damages, and interest as the Court may determine pursuant to 29 U.S.C. §216(b);

3.    That pursuant to 29 U.S.C. § 217 a permanent injunction be entered against the City restraining further violations of the Fair Labor Standards Act, among others;

4.    Attorney's fees, costs and prejudgment interest pursuant to 29 U.S.C. § 216(b);

5.    For such additional and further relief as this Court may deem just.

1 | Dated:   November 30, 2018         s/Michael A. Conger
                                       Attorney for Plaintiffs
2 |                                    E-Mail: congermike@aol.com

4 | **JURY TRIAL DEMANDED**