Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
Stephanie Lowe, Bar No. 292760
slowe@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101
Telephone:  619.481.5900
Facsimile:   619.446-0015

Attorneys for Defendant  City of La Mesa

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| Deborah Suenishi, and Peter Meredith, on behalf of themselves and all other employees similarly situated, | Case No.: 18CV2730-CAB-BGS |
|---|---|
| Plaintiffs, | Complaint Filed: December 3, 2018 |
| v. | **CITY OF LA MESA'S ANSWER TO COMPLAINT FOR OVERTIME WAGES** |
| City of La Mesa; and Does 1 through 10, inclusive, | |
| Defendants. | |

Defendant CITY OF LA MESA ("Defendant City") answers and responds to the Complaint for Overtime Wages ("Complaint") filed by Plaintiffs DEBORAH SUENISHI and PETER MEREDITH ("Plaintiffs") as follows:

1. Answering paragraph 1 of the Complaint, Defendant City admits that Plaintiffs allege to have brought this action on behalf of themselves and all other persons similarly situated, and that Plaintiffs allege this claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. sections 201 et seq. ("FLSA").  Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of all the allegations contained in paragraph 1 and on that basis denies each and every allegation contained in paragraph 1.

1

# I.

# **PARTIES**

2. Answering paragraph 2 of the Complaint, Defendant City admits that Plaintiffs are currently employed by Defendant City, and that written consents to join were filed on their behalf. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of all the allegations contained in paragraph 2 and on that basis denies each and every allegation contained in paragraph 2.

3. Answering paragraph 3 of the Complaint, Defendant City admits it is Plaintiffs' employer. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of all the allegations contained in paragraph 3 and on that basis denies each and every allegation contained in paragraph 3.

4. Answering paragraph 4 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis denies each and every allegation contained in paragraph 4.

5. Answering paragraph 5 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and on that basis denies each and every allegation contained in paragraph 5.

6. Answering paragraph 6 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis denies each and every allegation contained in paragraph 6.

7. Answering paragraph 7 of the Complaint, Defendant City admits that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. section 1331, as the controversy is alleged to arise under "the Constitution, laws or

Liebert Cassidy Whitmore
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101

treatises of the United States."

8. Answering paragraph 8 of the Complaint, Defendant City admits the allegations set forth in paragraph 8.

## II.

## COUNT ONE

9. Answering paragraph 9 of the Complaint, paragraph 9 is comprised entirely of legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 9.

10. Answering paragraph 10 of the Complaint, paragraph 10 is comprised entirely of legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 10.

11. Answering paragraph 11 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies each and every allegation contained in paragraph 11.

12. Answering paragraph 12 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies each and every allegation contained in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 13.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Exemption from Overtime)

Plaintiffs are barred from recovery in whole or in part because Plaintiffs were subject to the overtime exemption set forth in 29 U.S.C. section 207(b).

/
/

## SECOND AFFIRMATIVE DEFENSE

### (White Collar and other Overtime Exemptions)

Plaintiffs are barred from recovery to the extent they were exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") under the highly compensated employee, administrative, professional, executive, and/or computer exemptions, pursuant to 29 U.S.C. sections 13(a)(1) and 13(a)(17).

## THIRD AFFIRMATIVE DEFENSE

### (Offset)

Defendant City is entitled to offset and/or credit any compensation owed under the FLSA by compensation paid in excess of the statutory minimums pursuant to 29 U.S.C. section 207(h).

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant City acted in good faith and had reasonable grounds for believing its conduct was in compliance with the Fair Labor Standards Act, thereby precluding any award of liquidated damages to Plaintiffs, pursuant to 29 U.S.C. section 260.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, and Plaintiffs are limited to at most a two-year statute of limitations as any alleged violation was not willful, pursuant to 29 U.S.C. section 255(a).

## SIXTH AFFIRMATIVE DEFENSE

### (Reliance on Written Interpretation)

Plaintiffs' recovery is barred in whole or in part because Defendant City adopted policies in conformity with and in reliance on written administrative interpretation issued by the Administrator of the Wage and Hour Division of the Department of Labor, pursuant to 29 U.S.C. section 259.

Liebert Cassidy Whitmore
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101

**SEVENTH AFFIRMATIVE DEFENSE**

(*De Minimis* Time)

Defendant City is not required to compensate Plaintiffs for time that is insubstantial, insignificant, or *de minimis.*

**EIGHTH AFFIRMATIVE DEFENSE**

**(Relief from Liability for Preliminary and/or Postliminary Activities)**

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for preliminary to or postliminary to the principal activities Plaintiffs are required to perform, pursuant to 29 U.S.C. section 254(a).

**NINTH AFFIRMATIVE DEFENSE**

**(Restriction on Activities Compensable under Contract or Custom)**

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for activities compensable by contract or custom, pursuant to 29 U.S.C. section 254(b)-(c).

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver. During the course and scope of the activities described in the Complaint, and by their own acts, errors, and omissions, Plaintiffs have waived all claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiffs have failed to state any claim upon which relief can be granted.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. Among other things, Plaintiffs did not actually work the overtime hours Plaintiffs alleged to have reported to Defendant City. Plaintiffs' claims are further barred due to Plaintiffs' other acts and omissions, including but not limited to

Liebert Cassidy Whitmore
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101

knowledge, acquiescence, consent, approval, ratification, participation and/or failure to notify Defendant City of the acts complained of in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches. Plaintiffs have unreasonably delayed commencement of this action such that recovery, if any, should be barred or reduced according to proof at trial.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Collective Bargaining Grievance Procedures)

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exhaust collective bargaining grievance procedures.  To the extent Plaintiffs' claims address disputes within the scope of their memoranda of understanding (MOU), Plaintiffs must follow the grievance procedures of such agreements.

## FIFTHTEENTH AFFIRMATIVE DEFENSE
### (Government Tort Claim)

Plaintiffs' claims are barred for failure to comply with the California Government Tort Claims Act.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred for failure to exhaust any and all applicable administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiffs' claims are barred in whole or in part because some or all of the allegations in the Complaint are moot.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their

6

City of La Mesa's Answer to Complaint for Overtime Wages; 18CV2730-CAB-BGS

8777116.3 LA386-048

Liebert Cassidy Whitmore
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101

damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Actual/Constructive Knowledge)

Defendant City lacked actual and constructive knowledge of any underpayment of compensation owed to Plaintiffs under the Fair Labor Standards Act as alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Suffer/Permit)

Defendant City did not suffer or permit, or otherwise authorize the acts or omissions alleged in Plaintiffs' Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Uncertainty)

Plaintiffs' claims are barred because each cause of cause of action, as pled, is uncertain.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' recovery is barred in whole or in part by equitable estoppel. Plaintiffs should be estopped from asserting claims inconsistent with Plaintiffs' previous positions on the same issues.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Not Similarly Situated)

This action is not appropriate for collective action treatment because the members of the proposed collective action are not similarly situated.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Commonality)

This action is not appropriate for collective action treatment because the claims of the allegedly similarly situated employees lack commonality and will required individualized determinations.

8777116.3 LA386-048

Liebert Cassidy Whitmore
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Inadequate Representative)**

This action is not appropriate for collective action treatment because the named plaintiff in this action is not an adequate representative of those she purports to represent.

**PRAYER**

WHEREFORE, Defendant City prays as follows:

1. That Plaintiffs take nothing by reason of the Complaint and that judgment be entered in favor of Defendant City;

2. That Defendant City be awarded costs of suit incurred in defense of this action;

3. That Defendant City be awarded reasonable attorneys' fees as may be determined by the Court; and

4. Such other and proper relief as the Court deems just and proper.

Dated: February 1, 2019                            LIEBERT CASSIDY WHITMORE

By:  /s/ Stephanie Lowe
      Elizabeth T. Arce
      Stephanie Lowe
      Attorneys for Defendant City of La Mesa

Liebert Cassidy Whitmore
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101

8777116.3 LA386-048

8

City of La Mesa's Answer to Complaint for Overtime Wages; 18CV2730-CAB-BGS

# CERTIFICATE OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 550 West C Street San Diego, CA 92101.

I hereby certify that on **February 1, 2019,** I electronically filed the foregoing **CITY OF LA MESA'S ANSWER TO COMPLAINT FOR OVERTIME WAGES** with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on **February 1, 2019** in San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

              /s/Stephanie Lowe
              Stephanie Lowe

Liebert Cassidy Whitmore
A Professional Law Corporation
550 West C Street, Suite 620
San Diego, California 92101